```
                           UNITED STATES DISTRICT COURT
                           SOUTHERN DISTRICT OF FLORIDA

                           CASE NO. 98-08425-Civ-RYSKAMP
                                   (96-6124-Cr-RYSKAMP)
                           MAGISTRATE JUDGE P. A. WHITE
```

EDWARD CHARLES BROWN,           :

    Movant,                     :

v.                              :          REPORT OF
                                                    MAGISTRATE JUDGE

UNITED STATES OF AMERICA        :

    Respondent.                 :
_____

## Introduction

Edward Charles Brown has filed a _pro se_ motion for relief from judgment pursuant to Fed. R. Civ. Pro. 60(b), arguing that the denial of his first motion to vacate filed pursuant to 28 U.S.C. §2255, entered in case no. 98-08425-Civ-Ryskamp, must be set aside due to an intervening change in the law. (Cv-DE#15). This motion has been opened by the Clerk as one brought pursuant to 28 U.S.C. §2255.

The Court has reviewed the motion (Cv-DE#15), the government's response thereto (Cv-DE#7), the movant's reply (Cv-DE#22), and all pertinent portions of the underlying criminal file.

The movant raises the sole claim that he is entitled to vacatur of his sentence based on the decisions in Begay v. United States, -- U.S. --, 128 S.Ct. 1581 (2008); Johnson v. United States, -- U.S. --, 130 S.Ct. 1265 (2010) and United States v. Archer, 531 U.S. 1347 (11th Cir. 2008). According to the movant, these cases eliminate the predicate crimes as violent felonies for purpose of determining his status as a career offender. (Cv-DE#15).

Procedural History

Briefly, the procedural history of the underlying criminal case reveals that after a jury trial the movant was convicted of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon. (Cr-DE#59). He was sentenced to 300 months pursuant to a sentencing enhancement under 18 U.S.C. § 924(e)(the Armed Career Criminal Act, "ACCA"). The Presentence Investigation Report ("PSI") designated movant as an armed career criminal with a criminal history category IV pursuant to section 4B1.4(c)(2) of the United States Sentencing Guidelines ("U.S.S.G.").

The movant appealed, raising the sole claim that he was entitled to mitigation of sentence based on acceptance of responsibility under U.S.S.G. § 3E1.1. (Cr-DE#67). The Eleventh Circuit affirmed the movant's conviction and sentence. (Cr-DE#67).

The movant then returned to the district court, timely filing his first motion to vacate in case number 98-8425-Civ-Ryskamp. (Cv-DE#1). In that motion he challenged the constitutionality of his conviction and sentence. A Report was entered recommending that the motion be denied and noting that the movant's sentence was properly enhanced based upon his prior convictions for aggravated battery, burglary and resisting arrest with violence. (Cv-DE#11). The Report was adopted by the district court on September 13, 1999, and the case closed. (Cv-DE#14). No appeal was taken.

On December 9, 2008, the movant filed a motion pursuant to 28 U.S.C. § 2241 seeking to vacate his sentence based on a claim of ineffective assistance of counsel for failing to argue that he did not have the requisite prior violent felonies to receive an

2

enhanced sentence as an armed career criminal. (08-81460-Civ-Hurley, DE#1). This motion was construed as a motion under 28 U.S.C. § 2255 and a Report recommending dismissal as a successive § 2255 motion was prepared. (08-81460-Civ-Hurley, DE#3). An order adopting the Report was entered on March 13, 2009. (08-81460-Civ-Hurley, DE#6). The order noted that dismissal was due to movant's failure to obtain a certificate to file a successive motion. No appeal was taken.

In March 2009 the movant unsuccessfully sought leave from the Eleventh Circuit to file a successive § 2255 motion in case number 09-11583-F.

In 2009, the movant filed another § 2241 habeas petition in the Middle District of Pennsylvania, apparently seeking relief pursuant to Begay v. United States, -- U.S. --, 128 S.Ct. 1581 (2008). Brown v. United States, 384 Fed.Appx. 53, 54 (3d Cir. 2010). The District Court dismissed the petition concluding that the movant was required to seek relief under § 2255. Id. On appeal the Third Circuit affirmed the dismissal. Id. at 55.

The movant has now filed his fourth motion to vacate his sentence.(Cv-DE#15). Here, the movant asserts that his conviction and sentence should be vacated in light of the Supreme Court's decision in Johnson v. United States, -- U.S. --, 130 S.Ct. 1265 (2010)[1], Begay v. United States, -- U.S. --, 128 S.Ct. 1581 (2008),[2]

---

[1] In Johnson, the Supreme Court held that the crime of battery under Florida law is not a per se violent felony. Therefore determination of whether a defendant was convicted of a violent felony could be determined by the modified categorical approach utilizing court records to determine if the crime actually committed involved the use of violent force.

[2] In Begay, the Supreme Court held that to qualify as an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another" under the Armed Career Criminal Act's definition of "violent

3

and the Eleventh Circuit's interpretation thereof in <u>United States v. Archer</u>, 531 F.3d 1347 (11th Cir. 2008).³ He further asserts that, in light of these recent decisions, he is actually innocent, the court lacked jurisdiction to impose the judgment, and his enhanced sentence cannot stand because it was based in part on a prior convictions which no longer qualify as predicate offenses.

Pursuant to 28 U.S.C. §2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." It is now well settled that a district court lacks jurisdiction to consider a successive §2255 application unless the petitioner first obtains such permission from the appellate court to file a successive petition. <u>See</u>, <u>e.g.</u>, <u>Boone v. Secretary, Dep't of Corrections</u>, 377 F.3d 1315, 1317 (11 Cir. 2004); <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11 Cir. 2003).

<u>Federal Rule Civil Procedure 60(b)</u>

Here, it appears that the movant is attempting to circumvent this exception by filing the motion as one pursuant to Rule 60(b), which the movant is precluded from doing. <u>See</u> <u>United States v. Sowers</u>, 2007 WL 2302426 at *3 (M.D. Ala. 2007), <u>citing</u>, <u>e.g.</u>,

---

felony," 18 U.S.C. §924(e)(2)(B)(ii), a crime must "typically involve purposeful, 'violent,' and 'aggressive' conduct." <u>Begay</u>, 128 S.Ct. at 1586-1588 (drunk driving did not qualify as violent felony).

³In <u>Archer</u>, the Eleventh Circuit interpreted <u>Begay</u> and abrogated its prior precedent in <u>United States v. Gilbert</u>, 138 F.3d 137, 1372 (11th Cir. 1998), now holding that carrying a concealed firearm does not involve aggressive or violent conduct, nor does it present a serious potential risk of physical injury to another, and therefore is not a crime of violence for purposes of the armed career criminal enhancement.

Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); Boone v. Secretary, Dept. of Corrections, 377 F.3d 1315, 1317 (11th Cir. 2004). However, the requirement that a movant seek certification from the appellate court for the filing of a successive habeas application is dependant not on the characterization the movant chooses for his motion, but rather on the actual substance of the relief he seeks. See United States v. Sowers, supra ("It makes no difference that the motion itself does not *purport* to attack this court's substantive analysis of Sowers's habeas claims ... All that matters is that Sowers is, in actuality, 'seek[ing] vindication of' or 'advancing' claims by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition."); United States v. Jordan, 915 F.2d 622, 624-25 (11 Cir. 1990)(federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"). Thus, to the extent the movant has mislabeled this proceeding as a Rule 60(b) motion, it is in legal effect actually a successive habeas corpus petition. Murillo v. United States, 2006 WL 2853055 (11th Cir. 2006)(citing Gonzalez v. Crosby, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 2646-47 (2005); El-Amin v. United States, No. 05-1276, 2006 WL 771182 (11th Cir. Mar. 28, 2006) (unpublished); United States v. Terrell, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005) (unpublished); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir.2003)).

When a person files an unauthorized or successive motion to vacate without first having obtained authorization from the court of appeals to do so, the proper remedy is for the district court to dismiss the claims raised in the petition for lack of jurisdiction. 28 U.S.C. §2244(b)(2)-(3); El-Amin v. United States, 172 Fed.Appx.

942, 946 (11 Cir. 2006).

The record in this case reveals that the movant's first §2255 motion was denied on the merits. Review of the current pleading does not attack the integrity of his prior §2255 motion, but instead raises a new claim based on a purported change in the substantive law. However, the requirements for a successive motion are stringent, even when based on a new Supreme Court case, because the movant may not obtain relief unless and until the Supreme Court itself holds a "new rule of constitutional law" retroactively applicable to cases on collateral review. See 28 U.S.C. §2255(h)(2)(stating that successive motion must be certified to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

### 28 U.S.C. §2255

Likewise, the court lacks jurisdiction to grant relief pursuant to 28 U.S.C. §2255. A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. See 28 U.S.C. §2255. This same statute provides, however, that the district court lacks jurisdiction to review successive habeas motions filed without authorization from the court of appeals. See 28 U.S.C. §2255(h)(2)(stating that a successive motion must be certified to contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

that was previously unavailable"); see also, 28 U.S.C. §2244(b)(3)(A); In re Blackshire, 98 F.3d 1293 (11th Cir. 1996). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997). Here, the movant filed a prior §2255 motion which the court denied on the merits. Because the movant here filed a previous §2255 motion which was denied on the merits, and he has not obtained permission from the Eleventh Circuit Court of Appeals to file a successive §2255 motion, the Court is without jurisdiction to entertain his current filing as a §2255 motion.

## 28 U.S.C. §2241

This Court is also constrained by law from considering the movant's motion as a petition for federal habeas corpus relief pursuant to 28 U.S.C. §2241. The undersigned is familiar with the decision of the Eleventh Circuit in Gilbert v. United States, 609 F.3d 1159 (11th Cir. 2010), however that opinion was vacated and rehearing granted in Gilbert v. United States, 625 F.3d 716 (11th Cir. 2010). In the original Gilbert decision, a claim such as that raised here might be subject to review under § 2241. The undersigned directed the parties to address the merits in light of Gilbert, however in light of the vacation of that decision the claim remains the court lacks jurisdiction to review this claim. In the event that the Eleventh Circuit reinstates the original holding upon rehearing, the movant may have a vehicle to present his claim.[4] The undersigned has not addressed the merits of the claim due to its lack of jurisdiction as this is a successive § 2255 petition.

---

[4]The petitioner's motion to hold this petition in abeyance pending the issuance of the decision in Gilbert is denied. If the original Gilbert holding is reinstated he may be able to seek relief notwithstanding the disposition of this petition.

7

Federal prisoners may file §2241 petitions to collaterally attack the manner in which their convictions and sentences are executed. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The provision of §2255 known as the "savings clause" permits a federal prisoner, under very limited circumstances, to file a habeas petition pursuant to §2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion, is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. §2255 (emphasis added). The burden to show that §2255 relief would be ineffective is on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1976).[5] Restrictions on §2255 motions, standing alone, do not render §2255 "inadequate or ineffective" within the meaning of the savings clause. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005); Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1998). The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a non-existent offense; and (3) circuit law foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, or first §2255 motion. Wofford, 177 F.3d at 1244 n.3. To prove an offense is non-existent, a petitioner must show that he was

---

[5] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon the Eleventh Circuit Court of Appeals. See Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*).

8

imprisoned for conduct that was not prohibited. Sawyer v. Holder, 325 F.3d 1363, 1366 (11th Cir. 2003). The movant must satisfy all three criteria in order to avail himself of the §2241 remedy under Wofford, a burden the movant cannot carry.

The Eleventh Circuit has held, however, that the second prong of the Wofford test is not satisfied where the new Supreme Court decision only addresses sentencing issues and does not invalidate the crime of conviction. See Smith v. United States, 263 Fed.Appx. 853 (11th Cir. 2008)(savings clause did not apply to defendant claiming his federal sentence was improperly enhanced by a state conviction that was obtained in violation of his Sixth Amendment right to counsel and of which he was actually innocent, because the retroactive Supreme Court decision did not render the defendant's offense of conviction nonexistence); Outler v. McFadden, 154 Fed.Appx. 754 (11th Cir. 2005)(second prong of savings clause test not met because offenses for which defendant was convicted have not been made "nonexistent" by Booker). It is clear that Begay, Johnson and Archer all address sentencing issues and what constitutes a crime of violence for purposes of an enhanced sentence as a career offender. They do not, however, invalidate the crimes of conviction at issue here, aggravated battery, burglary of a structure and resisting with violence and consequently, the movant fails to meet the second-prong of the Wofford test.

Here, the movant's motion is an attempt to circumvent the AEDPA's restrictions on successive §2255 motions. He filed three prior motions, the first of which was denied on the merits. He cannot circumvent the successive motion restrictions by simply filing a rule 60(b) motion or a motion pursuant to §2241. Moreover, because the movant here attacks the validity of his underlying sentence, not the manner in which it is being executed, he cannot

state a claim for §2241 relief or show that the remedy available under §2255 is inadequate or ineffective to test the legality of his detention. <u>See</u> 28 U.S.C. §2255(e).

## Conclusion

For the foregoing reasons, it is recommended that the movant's motion based on <u>Begay</u>, <u>Johnson</u> and <u>Archer</u> be dismissed for lack of jurisdiction.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 22nd day of February, 2011.

UNITED STATES MAGISTRATE JUDGE

cc:  Edward C. Brown, <u>Pro Se</u>
     Reg. No. 31031-004
     USP Lewisburg
     U.S. Penitentiary
     P.O. Box 1000
     Lewisburg, PA  17837

     Ellen L. Cohen, AUSA
     U.S. Attorney's Office
     500 S. Australian Avenue
     Suite 400
     West Palm Beach, FL 33401-6235